UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


DWAYNE JAY NORTON,

               Petitioner,

v.                              Case No. 3:06-cv-472-J-32MCR

MIKE RATHMANN, et al.,

               Respondents.

_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**[1]

Plaintiff, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a Petition for Writ of Mandamus (Doc. #1). He claims that the law librarian at his current penal institution has denied his requests for copies of legal documents. He seeks an order compelling the Respondents (who are employees of the Florida Department of Corrections) to copy his exhibits, revise the copy service request forms, and to no longer deny him copying services or harass him for requesting copying services.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

The Court notes that writs of mandamus have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure. However, actions in the nature of mandamus to compel United States officials to perform duties are within the jurisdiction of the United States district courts pursuant to 28 U.S.C. § 1361. This case is not within the parameters of § 1361. It is clear that the courts of the United States have no authority to issue writs of mandamus to direct employees of the Florida Department of Corrections in the performance of their duties.

Insofar as this action may be construed as a civil rights action, alleging an access to the courts claim, Plaintiff may not proceed in such an action as a pauper. On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of filings brought by Plaintiff in the Tampa Division of this Court that were dismissed

on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted: (1) 8:00-cv-116-T-24A; (2) 8:00-cv-1819-T-17F; and, (3) 8:00-cv-1205-T-27A.[2] Because Plaintiff has had three or more qualifying dismissals and is not under imminent danger of serious physical injury, his application to proceed in forma pauperis will be denied and this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's application to proceed in forma pauperis, contained in his Affidavit of Indigency (Doc. #2), is **DENIED**.

2. This case is hereby **DISMISSED** without prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

---

[2] Plaintiff used the following name in these three cases: "Dwayne K. Norton." However, from a review of the website maintained by the Florida Department of Corrections, "Dwayne K. Norton" is an alias used by this Plaintiff. See www.dc.state.fl.us/ActiveInmates. Furthermore, Plaintiff, using the same name and inmate number he uses in this action, admitted in a case filed in the United States District Court for the Northern District of Florida that he filed these three cases. See Case Number 5:05cv176/SPM/MD, "Motion Grant Leave of the Court File § 42 U.S.C. 1983" (Doc. #6), filed October 27, 2005, at 1. The Court notes that United States District Court for the Northern District of Florida dismissed case number 5:05cv176/SPM/MD pursuant to 28 U.S.C. § 1915(g).

4.  The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of May, 2006.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

ps 5/23
c:
Dwayne Jay Norton